IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY POWELL, :
        Plaintiff, : 1:18-cv-1656
         :
v. : Hon. John E. Jones III
         :
SCHUYLKILL COUNTY PRISON, :
PRIMECARE MEDICAL, INC., :
        Defendants. :

## MEMORANDUM

**September 12, 2018**

Anthony Powell ("Plaintiff"), at all relevant times, an inmate incarcerated at the Schuylkill County Prison, Pottsville, Pennsylvania, originally filed this civil rights action on August 15, 2018, pursuant to 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 2). The Eastern District transferred the matter to this Court on August 20, 2018. (Doc. 5). Named as Defendants are the Schuylkill County Prison and PrimeCare Medical Inc. ("PrimeCare"). (Doc. 2, p. 4).

Plaintiff seeks to proceed *in forma pauperis*. (Doc. 1). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I. STANDARDS OF REVIEW

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is

plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on September 30, 2017, while incarcerated at the Schuylkill County Prison, he fell from the top bunkbed, hit his head and lost consciousness, and injured the left side of his face and his right wrist. (Doc. 2, p. 5). Despite notifying individuals in the medical department that he needed X-rays, the nurse allegedly took his vitals, gave him Motrin and released him. (*Id.*) He alleges that X-rays taken at a later time revealed he suffered a chipped left elbow, fractured jaw, fractured right wrist, nerve and tendon damage from the fractures, and damage to four teeth. (*Id.*)

He seeks to mandate installation of bunkbed ladders and guard rails on all bunkbeds at the prison. (*Id.* at 8). He also seeks monetary damages. (*Id.*)

## III. DISCUSSION

### A. Schuylkill County Prison

It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991). Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983. *Fischer*

*v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). The Schuylkill County Prison is not a person within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). Consequently, Shuylkill County Prison is not amenable to suit.

### B. PrimeCare

Plaintiff also identifies PrimeCare as a defendant. PrimeCare, as an entity, cannot be held liable for the acts of its employees under *respondeat superior* or vicarious liability. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). To hold PrimeCare liable, Plaintiff "must provide evidence that there was a relevant [PrimeCare] policy or custom, and that the policy caused the constitutional violation [he] allege [s]." *Id.* (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). Plaintiff's complaint is devoid of any allegations concerning a PrimeCare custom or policy. Consequently, the complaint against PrimeCare will be dismissed.

## IV. LEAVE TO AMEND

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Higgs v.*

*Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988); *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Plaintiff will be afforded the opportunity to amend to cure the defects of his complaint, to wit, name the proper defendants.

## V.    CONCLUSION

Based on the foregoing, Plaintiff's complaint (Doc. 2) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.